Judge Nicholas
delivered the Opinion of the Court.
To a scire facias to revive a judgment in ejectment, the defendant pleaded, that, more than twenty years after the rendition of the judgment, and fourteen years after the expiration of the original demise, the plaintiffs, by an ex parte motion, obtained an order of court extending the demise to forty years. Upon a demurrer to this plea, the court rendered judgment in bar of the scire facias.
The only question is, whether the order of court, extending the demise, is void.
It has long been settled by this court, that the demise cannot be extended after judgment in ejectment. This course of decision was earnestly assailed in argument, and the court invited to a revision of the principle and authority upon which it is based. After having made that revision, we think it well sustained by the weight of ante-revolutionary English cases, and in perfect consonance with the great leading principle governing the whole doctrine of amendments: that is, that there must be something to amend by.
The court having no power to make such amendment, there can be little doubt that the ex parte order making it in this case, is void, and not merely voidable. It stands upon the same footing with all judgments against a party without notice, actual or constructive, which have always been treated as absolutely void.
We perceive but little weight in the idea, that the defendant should be considered as still in court, and bound to notice every thing done in relation to the judgment *58 against him, twenty years after the rendition of the judgment, and fourteen years after the expiration of the demise. We can find nothing either in the principles of law or justice to warrant such an extension of the , . . ,, . .. , t doctrine ot implied or constructive notice.
Judgment affirmed, with costs.